IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:25-CR-00042 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| JESSE MELTON, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Jesse Melton's ("Defendant" or "Melton") Motion to Dismiss Indictment for Lack of Subject-Matter Jurisdiction Under the Commerce Clause, 21 U.S.C. § 903, The Tenth Amendment, Due Process Clause, and Federal Rule of Criminal Procedure 7 (As-Applied Challenge) filed on November 17, 2025 ("Defendant's Motion"). (Doc. No. 46.)

I.  Background

In what he captions, "II.  STATEMENT OF FACTS" Melton alleges or asserts the following. On December 13, 2024, Euclid Police officers responded to a welfare check in Euclid Heights, Cuyahoga County, Ohio and he was taken into custody pursuant to an outstanding federal probation warrant.  Narcotics and a firearm were recovered.  Incident Report 24-06007 was forwarded to the Euclid Police Narcotics Bureau, where [a detective] reviewed it.  Evidence was processed through the Cuyahoga County Regional Forensic Science Laboratory.  Defendant was initially charged in state court with Weapons Under Disability, O.R.C. § 2923.13(A)(3), and the case was bound over to the Cuyahoga County Grand Jury.  Only after these state proceedings commenced did a DEA Task Force Officer and an ATF Agent "retroactively manufactur[e] a supposed interstate nexus based

solely on the firearm's manufacturer origin and by re-characterizing the narcotics evidence as a federal CSA violation." (Doc. No. 46, PageID # 247.) According to Defendant, "[t]his post-hoc federalization violates Rule 7 and due process, as jurisdictional facts are not pleaded in the indictment." (*Id.*)

The record reflects that on February 4, 2025, a federal grand jury returned an indictment charging Melton with the following offenses: 1.) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); 2.) Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Count 2); 3.) Possession of a Firearm by a Person with Domestic Violence Conviction, in violation of 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 924(a)(2) (Count 3); and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). (Doc. No. 1.) Melton entered a plea of not guilty at his arraignment on February 26, 2025.

**II.     Discussion**

The Court construes Defendant's Motion, in part, as asserting that the indictment fails to state offense(s) pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).[1] An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court must take the indictment's factual allegations as true and decide only whether the indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956); see

---

[1] In Melton's Argument VI – Due Process and Rule 7 Violations, he asserts that the indictment is insufficient on three bases, each of which is the subject of Melton's other arguments and addressed separately below by the Court. (Doc. No. 46, PageID # 249.)

2

*United States v. Williams*, 504 U.S. 36, 54–55 (1992) (limiting pretrial review of indictments to facial challenges). This Court has reviewed the face of the indictment and specifically, the language used to charge Melton with four crimes and concludes that the indictment includes all of the elements of the charged offenses and places him on notice of the charges he is facing. Thus, construing Defendant's Motion as raising any argument that the indictment fails to state any offense(s) is without merit and rejected.

The Court construes the remainder of Defendant's Motion as challenging this Court's subject matter jurisdiction. Melton makes several arguments associated therewith, all of which are without merit and rejected.

Melton's first argument is that the Controlled Substances Act and 21 U.S.C. § 903 limit federal power to positively conflicting state conduct, and no such conflict exists because Ohio criminal statutes mirror the CSA's prohibitions, fully regulating the same field. Melton cites no authority for his interpretation of these statutes; instead, he merely asserts that the Supreme Court's decision in *Gonzales v Raich*, 545 U.S. 1 (2005) does not undermine his argument because in *Raich*, "California's legalization created an unregulated gap threatening federal treaty compliance," whereas "Ohio law leaves no such gap." (Doc. No. 46, PageID # 247.) The Court rejects what the Court construes as Melton's unsupported assertions that applying 18 U.S.C. § 841 is "unnecessary" and "merely duplicates state enforcement violating dual-sovereignty principles."

Melton's second argument is that the CSA is a treaty-implementation statute, not a commerce clause-law but he provides no valid authority for this proposition, and it is rejected. Melton's third argument is really a combination of his first and second arguments since he asserts that "[t]he drug count must stand on its own; because § 841 is treaty-based, it cannot reach purely local conduct

3

already regulated by Ohio." (*Id.*, PageID # 248.)  Accordingly, Melton's third argument is also rejected.

Melton's fourth argument is that "[u]nder *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), purely local, non-economic acts are beyond Congress's reach." (*Id.*)  In *Lopez* the Supreme Court held that the Gun-Free School Zones Act of 1990, which criminalized possession of a firearm within one thousand feet of a school, exceeded Congress's authority under the Commerce Clause to regulate three categories of activity, to include "those activities having a substantial relation to interstate commerce, [citation omitted] i.e., those activities that substantially affect interstate commerce [citation omitted]." *Lopez*, 514 U.S. at 559.  However, the Sixth Circuit has concluded the Supreme Court's decision in *Lopez* "d[id] not give [it] cause to question Congress's power to regulate an activity as clearly commercial as drug trafficking." *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir. 1996).  Accordingly, *Lopez* does not support Melton's fourth argument and in fact, defeats it.  Also, Melton's reliance on *Morrison* is misplaced because in that case, the Supreme Court addressed the constitutionality of 42 U.S.C. § 13981, which provided a civil remedy for the victims of gender-motivated violence.

Melton's fifth argument is that "[w]hile § 922(g) includes an 'in or affecting commerce' clause, historical movement of the firearm does not apply jurisdiction for a drug count lacking a commerce element."  The Court construes this argument to mean that because the elements of the crime with which Melton is charged in Count 1 of the Indictment, i.e., a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), does not include that the drugs crossed a state line prior to his alleged possession with intent to distribute controlled substances, this Court does not have jurisdiction.  But

again, the Sixth Circuit has concluded that the very act of drug trafficking affects interstate commerce or is clearly commercial such that Congress has the authority to regulate it.

Melton's final arguments are reiterations of his prior arguments which the Court has rejected. Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  December 15, 2025

  s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE